**1106**

## UNITED STATES

v.

**Leon R. GOODMAN, 535 60 8934, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 77 0397.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Nov. 1976.

Decided 13 Sept. 1977.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Tried before a general court-martial with members, appellant was convicted, contrary to his pleas, of transferring and selling cocaine in violation of Article 92, 10 U.S.C. § 892, UCMJ, and was sentenced to a bad conduct discharge, confinement at hard labor for nine months, forfeiture of $371.40 per month for nine months and reduction to E–1. The convening authority approved the findings and sentence after reducing the forfeiture to $371.00 for the time specified.

Included among the errors appellant has assigned for our consideration is an assertion that the military judge erroneously denied a defense challenge for cause against a court member, Major J. G. McCabe, U. S. Marine Corps. Appellant contends the *voir dire* of Major McCabe revealed that he entertained an inelastic predisposition towards sentencing which disqualified him from further participation as a court member. We agree. Because of our disposition on this issue, we have not undertaken to discuss the other errors assigned. We caution serious consideration of the other issues raised, however, in any subsequent rehearing.

The controversy over Major McCabe's disqualification arose from the following exchange with trial defense counsel:

IC: And do you feel, Major MCCABE, that any person . . . is it your opinion that anyone convicted of the type of charges in front of you today, possession,[1] transfer, and sale of cocaine, should never be allowed to stay in the Marine Corps under any circumstances? In other words, that they should receive a discharge?

MAJ MCCABE: I'd say if found guilty, yes.

---

1. Appellant was found not guilty of the specification alleging possession of cocaine.

IC: Assuming they're found guilty. Would you feel that finding them guilty of the sale of cocaine, the possession and transfer to, that they must receive a . . .

MAJ MCCABE: I'd have to answer that in the affirmative. [R. 111].

Questioning by trial counsel, the military judge, and trial defense counsel followed in an attempt to clarify Major McCabe's position and to determine his attitude regarding the consideration of extenuating and mitigating circumstances:

TC: Major MCCABE, in the event that the members do return a finding of guilty to the charge and specifications thereunder, there will, of course, be a separate sentencing hearing and during the course of that hearing the military judge will instruct you that then, as in the case on the merits, that the burden is upon the government to show that the BCD is warranted. Now if the government fails to meet that burden, or if the defense offers evidence in extenuation and mitigation, would you still feel compelled to vote for a bad conduct discharge?

MAJ MCCABE: When we addressed it earlier we said he was guilty of the charges. That's what the defense said when I answered his question. If found guilty, I feel that he would have to be separated. If there were mitigating circumstances, then we would take that into consideration at the time, I think.

MJ: The question, if I may, Captain, is, are you sitting here with an open mind so that if evidence in mitigation and extenuation were brought forth, would you still feel compelled to vote for a discharge under all circumstances?

MAJ MCCABE: I think once you bring in mitigation that there would be . .

MJ: Well, the way it was phrased by Mr. TRECKER is, barring everything else, standing before you a conviction, would you vote for a discharge and you said you would. The question I have now is, are you able to sit here with an open mind and evaluate the evidence presented by the government, if they have any in aggravation, and by defense in extenuation and mitigation, evaluate the two and then vote for a fair sentence?

MAJ MCCABE: I think yes. I came in with an open mind about that.

TC: Further, Your Honor, Major, do you realize that so called matters in extenuation, matters that make the actual offense seem less serious, may well come into evidence during the first portion of the trial before the finding of guilty, and that similar mitigating circumstances, circumstances which may form the basis for some act of clemency on the part of the members that would also come into evidence before the findings are returned, and if such matters come . .

MJ: Just a minute, it's an affirmative answer that time, Major?

MAJ MCCABE: Yes, sir.

TC: Thank you, Your Honor. And if such matters in extenuation and mitigation do come in before findings, will you require the defense to prove other matters in extenuation and mitigation after the findings are returned?

MAJ MCCABE: Yes, I think they would have to.

\* \* \* \* \* \*

MJ: What he's driving is that there are two portions to the trial—on the merits, and then if there's a conviction, on the sentencing, the extenuation and mitigation portion of the trial—two basic parts to the trial; and Captain REARDON is asking that if, during the case on the merits, where the government presents its case and defense would . . . then present . . . the defense would put in the defense, and the Captain wants to know if, on the first portion of the trial before the findings, you hear evidence in extenuation and mitigation, would you consider that evidence on the sentence even if defense presented no evidence in the second portion of the trial, so that you would not automatically vote for a discharge if there was a conviction?

MAJ MCCABE: No. I don't think I would.

MJ: You would not consider the evidence?

MAJ MCCABE: I would consider the evidence.

MJ: You would consider the evidence brought . . . presented to you in extenuation and mitigation?

MAJ MCCABE: Across the board, yes.

\* \* \* \* \* \*

TC: Sir, you indicated that without evidence in extenuation and mitigation you would be compelled to vote for a bad conduct discharge. Is that correct?

MAJ MCCABE: Right.

TC: Now if the evidence in extenuation and mitigation were all presented in the first portion of the trial and nothing was presented in the so called sentencing portion, do you feel that you would necessarily be compelled to vote for a bad conduct discharge?

MAJ MCCABE: No, I wouldn't.

\* \* \* \* \* \*

IC: Would this, Major MCCABE, still be your opinion if the defense introduced, if defense were to introduce to you today in the sentencing part of this trial or in the findings part of this trial, the presentencing portion, a substantial amount of evidence in extenuation and mitigation such as, evidence showing that the man, Lance Corporal GOODMAN, had an excellent prior record, that he had never had any prior disciplinary action before against him, would you [sic] opinion still be that you could possibly give that individual a sentence which did not include a bad conduct discharge even though the charge is selling drugs?

\* \* \* \* \* \*

MAJ MCCABE: I think the way you phrased it the first time, if found guilty and I reacted to a found guilty of selling drugs or dealing in any kind of drugs, I would say, yes, it would. The person should be separated.

IC: But if there's a substantial amount of evidence in extenuation and mitigation in favor of the accused, do you feel that at that point you would be able to not impose a bad conduct discharge? Is that . . . do you feel that is a possibility that you could do?

MAJ MCCABE: I think now that we've come across with the mitigation and extenuation that I would have to reconsider and say that maybe it shouldn't be a cut and dry statement as separating in all cases.

IC: Well, the question I want to ask you is, do you feel under those circumstances locked in extenuation and mitigation in favor of the accused, that you could, I realize that you're saying that you could consider it, but do you feel that you could impose a sentence, actually vote for a sentence which did not include a bad conduct discharge when the accused is found guilty of selling drugs?

MAJ MCCABE: Yes. [R. 111–114].

■ The significance of the foregoing *voir dire* responses of Major McCabe becomes evident upon comparison with those of the court members who were found to be disqualified in *United States v. Karnes*, 23 U.S.C.M.A. 537, 50 C.M.R. 708, 1 M.J. 92 (1975) and *United States v. Cosgrove*, 1 M.J. 199 (1975). In both of these cases, the Court of Military Appeals held that a military judge erred in refusing to sustain a challenge for cause against a court member where, during *voir dire* examination, the member had expressed the view that if the accused was convicted of certain drug offenses for which he was then standing trial a punitive discharge would be required in the absence of sufficient evidence in extenuation or mitigation. We find the disqualifying *voir dire* testimony in *Karnes* and *Cosgrove* to be markedly similar to the sentencing attitudes expressed by Major McCabe on *voir dire* in the instant case, *viz*: Major McCabe stated that "If found guilty, I feel that he [appellant] would have to be separated" (R. 112); the challenged court member in *Karnes* said that "If he [Karnes] were convicted of this offense [the sale of marijuana] I would be in favor of excluding him

from the Marine Corps" *United States v. Karnes, supra* ; and the court member in question in *Cosgrove* responded to the question, "Do you feel that in any case involving LSD, use, sale or transfer in the military, that a punitive discharge should be awarded?" by saying, "If the person is found guilty, I think so, yes." *United States v. Cosgrove, supra* ).

This does not end our inquiry, however; for as the *voir dire* testimony of Major McCabe indicates, his preconceived attitude toward sentencing was in fact tempered by a willingness to consider evidence in extenuation and mitigation. The question then becomes whether the latter provides a sufficient basis under the facts of this case upon which to conclude that Major McCabe was indeed "mentally free to render an impartial finding and sentence based on the law and the evidence." *United States v. Parker*, 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–411 (1955). To resolve this question, we turn again to the facts of *Karnes* and *Cosgrove*. In both of those cases, as in the instant case, the court members in question testified that they would not fail to consider evidence in extenuation and mitigation, together with their preconceived notions regarding punitive discharge, before deciding upon an appropriate sentence. To illustrate, we note first that in the instant case, Major McCabe stated that "If there were mitigating circumstances, then we would take that into consideration at the time, I think." (R. 112). He indicated in response to further questioning that: he "came in with an open mind about" voting on a fair sentence by evaluating the evidence presented by the Government in aggravation and by the defense in extenuation and mitigation (*Id.*); he would consider the evidence presented in extenuation and mitigation "across the board" (R. 113); and confronted with a sufficient degree of such evidence, he could "actually vote for a sentence which did not include a bad conduct discharge" if the accused was found guilty of selling drugs. (R. 114). Turning next to the *voir dire* at issue in *Karnes*, we see that the challenged court member emphasized that while a conviction for selling marijuana would not require that a punitive discharge be awarded without regard to evidence in extenuation and mitigation, it would automatically require the imposition of such a punishment if no such evidence were forthcoming. While the member said that he could not conceive of "something that would be mitigating," he indicated that he would be "willing to listen with an open mind to the matters brought out in extenuation and mitigation", would be "able to consider these matters" in arriving at a sentence, and was not excluding the possibility that he would vote for a sentence that did not include a punitive discharge. *United States v. Karnes, supra*, 23 U.S.C.M.A. at 538, 50 C.M.R. at 709, 1 M.J. at 94.

Turning to the *Cosgrove* case, it appears that the member in question "specifically indicated in answer to the questions of trial and defense counsel his mind was not closed punishment-wise when and if he were confronted with extenuation and mitigation evidence." *United States v. Cosgrove*, No. 75 0027 (N.C.M.R. 24 June 1975).

Despite the professed willingness on the part of the challenged court members in *Karnes* and *Cosgrove* to weigh their preconceived notions as to sentence against evidence in extenuation and mitigation and to award a sentence not including a punitive discharge if justified by the extenuating or mitigating circumstances presented, the Court of Military Appeals held in each case that the member's *voir dire* responses "clearly reflected an inelastic attitude toward the imposition of a punitive discharge which was based solely on the nature of the crime", and, hence, that the challenge for cause against him was erroneously denied. *See United States v. Karnes, supra*, 23 U.S.C.M.A. at 538, 50 C.M.R. at 709, 1 M.J. at 94; and *United States v. Cosgrove, supra*. With the pertinent *voir dire* testimony of *Karnes* and *Cosgrove* effectively indistinguishable from that of Major McCabe, we find it necessary to conclude that the latter evidenced a similarly inelastic attitude toward the imposition of a punitive discharge and that the challenge for cause against

Major McCabe ought to have been sustained. Since Major McCabe's disqualification as a court member existed prior to his participation in the proceedings on the merits and on punishment, the erroneous denial of the challenge for cause leveled against him was fatal to both the findings and the sentence. *United States v. Cleveland,* 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965). *See United States v. Karnes* and *United States v. Cosgrove,* both *supra.*

Accordingly, the findings and sentence are set aside. A rehearing may be ordered.

Judge ROOT and Judge GREGORY concur.